Tiffany CORTES, Plaintiff,

v.

**MAXUS EXPLORATION COMPANY, Defendant.**

**Civ. A. No. H–87–2398.**

United States District Court,
S.D. Texas,
Galveston Division.

March 11, 1991.

Nancy M. McCoy, Houston, Tex., for plaintiff.

Samuel E. Hooper, Atty. in Charge (Joseph G. Galagaza, of counsel), Houston, Tex., David A. Wadsworth, Assoc. Counsel, Maxus Energy Corp., Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

KENT, District Judge.

Pending before the Court is Plaintiff's Motion in Limine. The instant issue is item number four of that Motion, regarding the Equal Employment Opportunity Commission (EEOC) determination of "no probable cause" on the merits of Plaintiff's EEOC charge of sex discrimination against her former employer, the Defendant in this action. Having considered the Motion as to that particular evidence, the arguments of counsel at the two pretrial conferences of March 4, 1991, and Defendant's proposed Exhibits Nos. 19, 20, and 21, the Court is of the opinion that the Motion is well taken, and it GRANTS Plaintiff's Motion to exclude the EEOC probable cause finding.

In reaching this conclusion, the Court is expressly mindful of the Fifth Circuit precedent in favor of admitting these EEOC documents; but, relying on the Federal Rules of Evidence and on its discretion in making evidentiary rulings, the Court finds that such an admission in this case would be manifestly unjust.

## PRIOR CASE LAW

Initially, the Court notes that, unlike in the vast majority of the Fifth Circuit cases addressing this issue, this trial is to a jury, because of Plaintiff's state law claims pendent to her Title VII claim. As a result, and since this case is being heard subsequent to the adoption of the Federal Rules of Evidence, this Court must apply Fed.R. Evid. 403, and balance the probative value versus the prejudicial effect of the EEOC determination before admitting it for a jury's consideration. The Fifth Circuit itself utilized this balancing approach in the seminal case on this issue. *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir.1972). There, the Fifth Circuit held that an EEOC determination of a probable Title VII violation was admissible, because its probative value outweighed "any possible prejudice" to the employer (opponent of the evidence), and because it would be judicially wasteful to ignore the manpower and resources expended by the EEOC in its investigation.

Later cases seem to have interpreted the *Smith* decision to mean that EEOC probable cause determinations are always admissible, and are "per se" probative. *See Turpen v. Missouri–Kansas–Texas Railroad Co.*, 736 F.2d 1022, 1026 (5th Cir.1984); *Garcia v. Gloor*, 618 F.2d 264, 272 (5th Cir.1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981); *accord Plummer v. Western International Hotels, Inc.*, 656 F.2d 502, 505 (9th Cir.1981). However, this Court perceives that the correct reading of *Smith* is found in another opinion where the Fifth Circuit said: "[in *Smith* ] we held that the district court was obligated to admit into evidence the EEOC investigative report and findings *because* their probative value outweighed any possible prejudice to the employer." *Dickerson v. Metropolitan Dade County*, 659 F.2d 574, 579 (5th Cir.1981) (emphasis added). Accordingly, this Court applies Fed.R.Evid. 403.

## THE CASE AT BAR

■ Under Fed.R.Evid. 401 and 403, and after having reviewed the actual EEOC papers at issue in this case, the Court is obliged to exclude the EEOC's probable cause determination, based on its finding that the determination has little or no probative value for the Defendant-proponent's case, and that the determination has a substantial likelihood of unfairly prejudicing the Plaintiff-opponent's case.

The one and one half page "DETERMINATION" (attached and labeled as Defendant's Exhibit No. 21), consists of five paragraphs, and appears on official EEOC stationery, with the EEOC seal in the upper left hand corner. Paragraph four contains the actual determination, and recites the evidence supporting that determination. As to that evidence, paragraph four reads:

"The evidence shows that there were other employees involuntarily transferred or reassigned during the same time period. There was no evidence that they had also filed charges or otherwise participated in protected activities."

These two statements are followed by the three sentence determination of "no probable cause" to believe Plaintiff's allegations.

In connection with the "Determination", Defendant also proposes to admit the EEOC letter to Plaintiff, dated February 25, 1987, which informs her of the conclusion of the EEOC investigation (attached and labeled as Defendant's Exhibit No. 20). The evidence discussed in that letter supplements, to some extent, the "evidence" referred to in the EEOC determination on the merits of Plaintiff's charge. The letter states that three of Defendant's employees were interviewed in connection with the investigation, that the EEOC reviewed Plaintiff's 1982 memoranda to the Defendant describing her complaints about her supervisor, and the letter mentions briefly that some of Plaintiff's co-workers were also reassigned as a result of Defendant's corporate reorganization.

However, critically, this letter states on its face that Plaintiff was *not* one of those employees interviewed during the EEOC visit to Defendant's facility, and further, that Plaintiff was *never* interviewed by the EEOC at any time regarding her claims of sex discrimination. This Court is consequently unable to understand how the EEOC can conduct a sufficiently complete investigation without interviewing a complainant, and, more to the point, is unpersuaded by the Defendant's argument of probative value, regarding such an incomplete, conclusory and factually biased document.

## RULE 403 BALANCING: PROBATIVE NATURE

The Court finds this EEOC probable cause determination to be conclusory in the extreme, given the inexplicable absence of the most critical information—the personal statement of the Plaintiff herself. As a result, the Court also finds the determination clearly non-probative of the issue in this case of whether or not Plaintiff was sexually harassed or the victim of sex discrimination. Since the EEOC documents themselves demonstrate that the Plaintiff was never interviewed in connection with the administrative investigation, and since that the EEOC determination itself in no way details or describes the "evidence" referred to in paragraph four, this Court cannot admit this fundamentally deficient determination under Fed.R.Evid. 403, for the document has a demonstrable lack of probative value.

For guidance, the Court has considered the EEOC determination reproduced in relevant part in the *Smith* opinion; but the EEOC's two sentence discussion of the evidence supporting its official determination in the instant case cannot compare favorably to the EEOC's evidentiary recitation in *Smith*. *Smith*, 454 F.2d at 159. Instead, the EEOC determination in this case is far more similar to the EEOC determination excluded by the trial court in *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097 (8th Cir. 1988). There, the Eighth Circuit affirmed the trial court's exclusion of a two sentence EEOC determination adverse to the Plaintiff, saying:

"... there is *little probative value* in the EEOC's conclusory statements regarding the same evidence [presented to the jury]. To admit the report under these circumstances would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and the ability to draw its own conclusions from the evidence."

*Estes*, 856 F.2d at 1105, *citing Johnson v. Yellow Freight System*, 734 F.2d 1304, 1309 (8th Cir.), *cert. denied*, 469 U.S. 1041,

105 S.Ct. 525, 83 L.Ed.2d 413 (1984) (emphasis added).

■ The Court acknowledges the Fifth Circuit's discussion in *Smith* of the judicial wastefulness of ignoring the "manpower and resources expended on the EEOC investigation", and agrees that the detailed evidentiary statements and findings of fact included in many EEOC probable cause determinations would often be very probative of the issues presented at trials of this type. However, this Court feels constrained to expressly find that at least in jury trials, nothing in *Smith*, or any applicable Fifth Circuit rulings mandates that the *conclusion itself* of an EEOC probable cause determination is "per se" probative or admissible, where, as here, such is predicated upon obvious factual unreliability. Under the Federal Rules of Evidence, and its duty to its litigants, the Court must evaluate the merits or deficiencies of all parts of all documents offered in the context of the precise facts of each case, in determining admissibility.

## RULE 403 BALANCING: PREJUDICIAL EFFECT

Assuming the Court is correct in its evaluation of the non-probative nature of this document, a full analysis nonetheless requires an examination of the possible prejudicial effect of admitting it into evidence. Where the EEOC investigation is fatally deficient on its face, as a result of which the EEOC'S probable cause determination is at best incomplete, this Court finds that its admission would be highly prejudicial, and not reasonably probative at all. Moreover, the Court finds that in this case, the same characteristics of the EEOC determination that make it not probative of the proponent's case make the report unfairly prejudicial to the opponent. Additionally, the Court also finds the document likely to critically mislead the jury, in that the jury will be required to consider the Plaintiff's testimony, while the EEOC investigator clearly did not. Fed.R.Evid. 403.

The unsubstantiated assertions in paragraph four of the determination as to what "the evidence shows" are bare conclusions, and grossly deficient in the absence of the Plaintiff's version of the facts. If admitted for the jury's consideration, those conclusions would operate to influence the trier of fact, but without any demonstrable basis or foundation. Further, since the conclusions are without sufficient evidentiary foundation, the opponent of the assertions is unfairly prejudiced, in that rebuttal of the conclusions via specific facts is difficult or impossible. Indeed, this Court's admission of such evidence, in the context set forth above, might even rise to the level of a due process violation, particularly where the jury is asked to consider plainly deficient documents on official United States agency stationery, with the corresponding official seal apparent. (The appearance of such insignia on a document will indubitably influence the jury; but, such an influence is permissible and does not rise to the level of *unfair prejudice*, as proscribed by Fed.R.Evid. 403, unless the content of the document is, in itself, not probative, as here.)

## CONCLUSION

The Court finds that the EEOC probable cause determination in this case is properly excluded, under Fed.R.Evid. 403, and thus GRANTS Plaintiff's Motion in Limine as to item four.

IT IS SO ORDERED.

# APPENDIX

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
HOUSTON DISTRICT OFFICE
405 MAIN STREET, 6TH FLOOR
HOUSTON, TX 77002

AREA CODE 713
GENERAL INFORMATI(
226-2001
EXECUTIVE OFFICE!
226-2061
LEGAL
226-2000

February 25, 1987

Mrs. Tiffany Cortes
1334 Beaujolais Lane
Houston, Texas 77079

RE: Charge No. 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
Respondent: Diamond Shamrock

Dear Mrs. Cortes:

This is to advise you that the investigation of your charge has been concluded.

The evidence concerning your allegation of discrimination on the basis of your sex, female, and retaliation shows:

## PARTICIPATION AS A WITNESS

1. While it is true that you provided information to Leticia Castillo regarding her allegations of employment discrimination, there is no evidence that the company was aware of this. You have also stated to the investigator that the company was not aware of your participation in Ms. Castillo's investigation.

2. During the course of the investigation, specifically, on the day the investigator interviewed employees at the Respondent's facility, you were among approximately five (5) people to be interviewed. You and one (1) other person were not interviewed. Consequently, you did not act as a witness on that day, nor were you contacted as a witness on any other day.

3. Of the approximately five (5) people identified by Respondent on that day, four (4) are still employed. Respondent was aware of their participation in EEOC's investigation.

## OPPOSITION TO TITLE VII

1. The records provided by you and the company indicate that in 1982 you submitted to the Respondent memoranda regarding Mr. Acero's conduct relating to his failure to follow work rules and regulations, and his inability to adequately supervise. Additionally, when he began to supervise more closely, you complained that this was an attempt to thwart your career development. This evidence does not support the allegations in that you did not complain of issues which would constitute a Title VII violation.

DEFENDANT'S
EXHIBIT
60

Tiffany Cortes vs. Diamond Shamrock
Charge No. 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
Page 2

REASSIGNMENT AND DISCHARGE

1.  Of the employees in the Petroleum Engineering Department, three (3)
    other females and two (2) males were offered the same opportunity
    to be reassigned. Additionally, five (5) other females and two (2)
    other males were discharged. All of this occurred as a result of
    corporate restructuring during the early part of 1986.

2.  The records indicate that you resigned rather than return to the
    supervision of Mr. Acero.

Any further evidence in support of your position or which contradicts
the above evidence, must be provided within 15 days from the date of
this letter. Failure to do so will result in a determination being made
without further discussions.

If a determination is issued which finds that there is not reasonable
cause to believe that Respondent violated the law in the manner alleged
by you, a Notice of Right to Sue will be enclosed. The Notice of Right
to Sue entitles you to pursue the case further in Federal District
Court, if you desire to do so. However, it must be filed in Federal
District Court within 90 days from the date that you receive it.

If there is reasonable cause to believe that the Respondent did violate
the law, an invitation to conciliate will be enclosed.

In either case, the Letter of Determination will be sent by certified
mail and it is your responsibility to claim the letter.

Sincerely,

Elma L. Sheffield
Equal Opportunity Specialist (E)

cc:  Leopoldo Fraga, Jr.
     Attorney at Law
     Lyric Office Centre
     440 Louisiana, Suite 1510
     Houston, Texas 77002

**1188**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
HOUSTON DISTRICT OFFICE
405 MAIN STREET, 6TH FLOOR
HOUSTON, TX 77002

AREA COC - 713
CENTRAL INFORMATION
226-2031
EXECUTIVE OFFICES
226-20.1
LEGAL
226-2600

Charge No. 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

Ms. Tiffany Cortes
1334 Beaujolais Lane
Houston, Texas  77079                          **CHARGING PARTY**

Diamond Shamrock Exploration Company
3040 Post Oak Boulevard, Suite 2200
Houston, Texas  77056                          **RESPONDENT**

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission, the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act.

All Title VII jurisdictional requirements have been met.

Charging Party alleged that she was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, by being involuntarily transferred because she participated in an EEOC investigation.  She further alleged that her discharge was retaliaton and sex discrimination because she refused to transfer under her former supervisor who, allegedly, had previously sexually harassed her.

The evidence shows that there were other employees involuntarily transferred or reassigned during the same time period.  There was no evidence that they had also filed charges or otherwise participated in protected activities.  There is not reasonable cause to believe that Charging Party's proposed transfer was retaliatory.  There is not reasonable cause to believe that the proposed transfer to work under her former supervisor constituted discrimination because of her sex, female, nor that her resignation constituted constructive discharge based on sex and retaliation. No determination is made as to any other issues which might be construed as having been raised by this charge.

DEFENDANT'S
EXHIBIT

Tiffany Cortes vs.
 Diamond Shamrock Exploration Company
Charge No. 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
Page 2

This determination concludes the Commission's processing of this charge.
Should the Charging Party wish to pursue this matter further, the party
may do so by filing a private action in federal district court against
the respondent named above, within ninety (90) days of receipt of this
letter, and by taking the other procedural steps set out in the enclosed
Notice of Right to Sue.

On behalf of the Commission:

4/28/87
_____                    _____
Date                                Harriet Joan Ehrlich
                                    District Director

Enclosure:
  Notice of Right to Sue

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (Dismissal)

| TO: Ms. Tiffany Cortes<br>1334 Beaujolais Lane<br>Houston, Texas 77079<br><br>☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a)). | FROM: Equal Employment Opportunity Commission<br>Houston District Office<br>405 Main Street, 6th Floor<br>Houston, Texas 77002 | |
|---|---|---|
| CHARGE NUMBER<br>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 | EEOC REPRESENTATIVE<br>Barbara V. Brown, Compliance Supervisor | TELEPHONE NUMBER<br>713/226-2617 |

*(See Section 706 (f) (1) and (f) (3) of the Civil Rights Act of 1964 and the additional information on reverse of this form.)*,

TO THE PERSON AGGRIEVED: This is your NOTICE OF RIGHT TO SUE. It is issued because the Commission has dismissed your charge. Your charge was dismissed for the following reason:

☐ No jurisdiction for the following reason, and therefore the Commission has no authority to process your charge further.

  ☐ Your charge was untimely filed with the Commission, i.e., you waited too long from the date of the action(s) of which you complained to file your charge and it was therefore outside the time prescribed by law. Therefore, the Commission cannot investigate the allegation(s) contained in your charge.

  ☐ The Commission has determined that you did not allege or otherwise demonstrate that you were directly affected by the practice described or effectively deterred from acting because of the practice.

  ☐ Respondent employs less than 15 employees.

  ☐ Other *(briefly state)* _____ .

☒ No reasonable cause was found to believe that the allegations made in your charge are true, as indicated in the attached determination.

☐ You failed to provide requested necessary information, failed or refused to appear or be available for necessary interviews/ conferences or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

☐ The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

☐ The respondent has made a written settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

The issuance of this NOTICE OF RIGHT TO SUE terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in United States District Court. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN 90 DAYS FROM THE RECEIPT OF THIS NOTICE OF RIGHT TO SUE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On behalf of the Commission:

4/28/87
(DATE)

Harriet Joan Ehrlich, District Director
TYPED NAME AND TITLE OF COMMISSION OFFICIAL

cc: ( to respondent)

Mr. Douglas A. Wadworth
Regional Counsel
Diamond Shamrock Exploration Company
3040 Post Oak Boulevard, Suite 2200
Houston, Texas 77056

Leopoldo Fraga, Jr.
Attorney at Law
Lyric Office Centre'
440 Louisiana, Suite 1510
P. O. Box 157
Houston, Texas 77002

Mailed Cert. Mail No. P-083-055-168 on 4/ /87.