**Anthony LEE, an individual, Plaintiff,**

v.

**EXECUTIVE AIRLINES, INC., a Delaware corporation, d/b/a/ American Eagle Airlines, Inc., a Delaware corporation, and Flagship Airlines, Inc., a Delaware corporation, Defendants.**

**No. 97–0722 CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 19, 1998.

Ira Kurzban, Kurzban, Kurzban, Weinger & Tetzeli, P.A., Miami, FL, for plaintiff.

Terence Connor, Morgan, Lewis & Bockius L.L.P., Miami, FL, for defendants.

## ORDER

MIDDLEBROOKS, District Judge.

This Cause came before this Court upon Plaintiff Lee's Motion to Compel Better Answers to Interrogatories (DE # 91) and Plaintiff Lee's Motion to Exclude the EEOC Letter or in the Alternative to Compel the EEOC to Answer Questions (DE # 103). The Court has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

### Background

Plaintiff Anthony Lee is suing Defendant Executive Airlines, d/b/a American Eagle Airlines and Flagship Airlines, for a variety of federal claims relating to racial discrimination and the resulting unlawful employment practices. Plaintiff claims that Defendants have maintained an impermissibly dual system of discipline that imposes more severe disciplinary sanctions on black employees for minor deviations from work rules than for non-black employees. Plaintiff also claims that Defendants through their employees within the course and scope of their employment encouraged, created, and participated in a racially hostile and abusive work environment of which Defendant knew or should have known. Plaintiff contends these abuses and violations of black employees resulted in racially disparate treatment of black employees in the terms and conditions of their employment, including promotion and discharge. Count I of the Amended Complaint alleges a violation of Title VII via a racially hostile environment. Count II claims a violation of Title VII as a result of disparate treatment. Count III alleges a violation of 42 U.S.C. § 1981. Count IV alleges negligent retention. Count V alleges negligent training and supervision. Count VI alleges intentional infliction of emotional distress. Count VII alleges negligent infliction of emotional distress. Count VIII alleges race discrimination in violation of the Florida Civil Rights statutes. Count IX alleges race discrimination in the form of hostile work environment in violation of the Florida Civil Rights statutes.

### Analysis

■ We will first consider Plaintiff's Motion to Compel Better Answers to Interrogatories and Production of Documents. Plaintiff seeks all files of those employees who were disciplined but not terminated for violations of Rule 5, 16, and/or 34 concerning time card infractions. This request extends beyond those files of the Miami facilities, which we have already held should be produced. In fact, we note that 250 personnel files of employees at Plaintiff's Miami work station have already been produced, and other means of discovery on similarly situated employees has been conducted. The current motion requests the files on every employee employed by Flagship Airlines from 1990–1994. Defendant objects to this request as unduly burdensome and not likely to lead to the discovery of admissible evidence given the gravamen of Plaintiff's Complaint for hostile work environment and wrongful termination. As we held regarding previous requests for this information, we find that the material sought is overly burdensome for Defendants, as it would require extensive searches of files outside of the locations at which Plaintiff was ever employed. Furthermore, there is no indication that expanding the complaint beyond the facility in question would yield additional relevant evidence as to the Miami facility. Any benefit to the Plaintiff's claim at the Miami facility would be outweighed by the burden on the Defendant to search all of its facilities for all of these records, cross-reference them, and produce those records dealing with the specific infractions at issue, and we thus deny the motion to compel. We further award Defendants $750.00 for the costs of filing this motion.

We next consider Plaintiff's Motion in Limine to Exclude the EEOC Determination Letter from evidence. Plaintiff seeks to introduce into evidence at trial the letter of determination issued by the Equal Employment Opportunity Commission on August 26, 1996, on his Title VII charge. Defendant, in this pre-trial motion, seeks to exclude the letter as both untrustworthy pursuant to Fed.R.Evid. 803(8)(c) and/or as unduly prejudicial pursuant to Fed.R.Evid. 403.

■ While EEOC determinations are generally admissible in bench trails, see *Barfield v. Orange County*, 911 F.2d 644, 649 (11th Cir.1990), their admissibility in jury trials is not a clear-cut. As the Eleventh

Circuit has held, "[t]he admission of an EEOC report, in certain circumstances, may be much more likely to present the danger of creating unfair prejudice in the minds of the jury than in the mind of the trial judge, who is well aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight and no more." *Walker v. NationsBank of Florida N.A.,* 53 F.3d 1548 (11th Cir.1995) (citing *Barfield, supra.*). The decision to admit or exclude EEOC Letters of Determination is thus within the discretion of the trial judge; this is particularly important as "EEOC determinations are not homogenous products; they vary greatly in quality and factual detail." *Johnson v. Yellow Freight System,* 734 F.2d 1304, 1309 (8th Cir.1984).

We first consider the Motion to Exclude in the context of Rule 403 of the Federal Rules of Evidence. Our evaluation of the admissibility of the EEOC letter involves analysis of the probative value of the findings in the letter and whether the probative value is outweighed by the dangers of unfair prejudice, confusion of the jury, or considerations of undue delay and waste of time. (Fed. R.Evid.403.) The EEOC Letter of Determination sought to be introduced as evidence in this action consists of five paragraphs. The first and second paragraphs briefly address the charge and the procedural requirements for the filing of the charge. The third and fourth paragraphs address the issue of racial discrimination alleged in this action. The last paragraph outlines the procedures in the event settlement through the conciliation process is not forthcoming. The conclusions of the EEOC contained in paragraphs three and four read as follows:

> Examination of the evidence indicates that the Charging Party was suspended then terminated for allegedly punching another employee's timecard in violation of Respondent's policy. The evidence indicates that non-black employees who committed the same infraction are treated differently. I have determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of the statute occurred. Upon finding that there is reason to believe violations have occurred, the Commission attempts to eliminate the alleged un-

lawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Sections 706 and 709 of Title VII and the Commission Regulations apply to information obtained during conciliation.

■ We find that this Letter of Determination is highly conclusory and thus possesses very little probative value and accordingly will exclude it. The Letter does not outline, even summarily, the evidence upon which it relies for its conclusions that the "evidence indicates that non-black employees who committed the same infraction are treated differently. I have determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of the statute occurred." (EEOC Letter of Determination). While Plaintiffs argue that the EEOC Letter of Determination was based upon an extensive and thorough investigation and that the Defendants have access to the entire EEOC file, the letter itself does not specifically reference any evidentiary basis for its conclusions. We do not believe that conjecture as to which Affidavits and/or testimony provided the basis for the EEOC determination is acceptable and accordingly our concerns about the conclusory nature of the Letter of Determination remain. We also note that the inability to determine the factual findings providing the basis for the EEOC letter may well prejudice Defendants, both in terms of the fact that rebuttal of the conclusion's specific facts is impossible and cross-examination of the determination is unavailing. *See, e.g., Cortes v. Maxus Exploration Co.,* 758 F.Supp. 1182 (S.D.Tex.1991), *aff'd* 977 F.2d 195 (5th Cir.1992).

Absent providing any details or otherwise describe "the evidence" relied upon, the Letter of Determination possesses minimal probative value. *See, e.g., Johnson v. Yellow Freight System, Inc.,* 734 F.2d 1304 (8th Cir.1984); *see also Cortes v. Maxus Exploration Co.,* 758 F.Supp. 1182 (S.D.Tex.1991), *aff'd* 977 F.2d 195 (5th Cir.1992). This is particularly true as the issue of whether black employees who committed the infrac-

tion of punching out their time card were disciplined more severely than non-black employees has been the subject of extensive, often contentious discovery, and we have no doubt that the trial will focus on these issues in a much more rigorous and evidence-based manner.

Finally, we note our concerns with admitting the EEOC Letter of Determination in this case in terms of confusion of the jury. Because the Letter makes legal conclusions that do not reference any specific evidentiary basis, it will be difficult for the jury to exercise their responsibilities as the finders of fact in evaluating the evidence before them. Further, as the Letter of Determination concludes that "I have determined that the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of the statute occurred," it is distinctly possible that the jury will attach undue weight to the authoritative and personalized conclusions of the EEOC inspector, thus creating unfair prejudice. *See, e.g., Barfield, supra.* We find that this also constitutes a proper basis for exclusion of the Letter of Determination pursuant to Rule 403 of the Federal Rules of Evidence.

### Conclusion

Based on the foregoing and upon consideration, is it ORDERED as follows:

1. Plaintiff Lee's Motion to Compel Better Answers to Interrogatories (DE # 91) is hereby DENIED. Pursuant to our Discovery Order, Plaintiff is hereby assessed $750.00 for the costs of briefing this motion.

2. Plaintiff Lee's Motion to Exclude the EEOC Letter or in the Alternative to Compel the EEOC to Answer Questions (DE # 103) is hereby GRANTED as to the Motion to Exclude the EEOC letter and DENIED AS MOOT as to the Alternative Motion to Compel.